# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH MICHELSON, as Trustee of the David and Catherine Swanson Trust,<br><br>                    Plaintiff,<br>v.<br><br>FOUNDATION FINANCIAL, INC., a Wyoming corporation, and ROBERT GUTH, an individual, MARY JO MALONE, and JOHN DOES 1-10,<br><br>                    Defendants. | CASE NO. 13mc1204-CAB (MDD)<br><br>ORDER RE: PLAINTIFF'S MOTION AND REQUEST FOR ORDER OF CONTEMPT and FOR FURTHER JUDGMENT DEBTOR EXAM<br><br>[ECF NO. 21] |

**Introduction**

Before the Court is Plaintiff's motion made pursuant to Federal Rule of Civil Procedure 45(g) seeking an order of contempt for Plaintiff's failure to comply with the "Amended Order filed by this Court on July 28, 2014, and the Order Following Hearing on Plaintiff's Motion to Compel filed on August 22, 2014." (ECF No. 21 at 1).

**Background**

On September 30, 2013, Plaintiff commenced this collection action

in this Court by registering a default judgment obtained against Defendant Robert Guth in the United States District Court for the Eastern District of Washington. (ECF No. 1). Based on the registration of the judgment in this district, a debtor examination of Mr. Guth was held on November 6, 2013. (ECF No. 6). In a continuing effort to satisfy the judgment, on March 5, 2014, Plaintiff served a subpoena, pursuant to Fed. R. Civ. P. 45, on Defendant Robert Guth requiring the production of certain financial and business records regarding an entity that Defendant Guth allegedly owns and operates. According to Plaintiff, Defendant Guth failed to respond to the subpoena and Plaintiff filed a motion for contempt or to compel production of records. (ECF No. 12). A hearing was held August 15, 2014, and based upon the statements of counsel and Defendant, the Court ordered Defendant to deliver all remaining responsive documents. On September 26, 2014, Plaintiff filed a motion to hold Defendant in contempt because Plaintiff contends Defendant Guth has "defiantly failed to comply with the Court's order to produce business and financial records." (ECF No. 21 at 1). No response has been filed by Defendant Guth.

**Discussion**

In support of her motion Plaintiff asserts "Defendant Robert Guth has defiantly failed to comply with this Court's orders requiring him to produce business and financial records for the various entities that he operates and controls. . . ." (*Id.*). "Plaintiff...renews her request for civil punishment...including the imposition of jail pending full and complete compliance with this Court's Orders." (*Id.* at 2). Plaintiff provides no evidence the documents she seeks actually exist and have been willfully withheld.

"The authority of magistrates to impose discovery sanctions is

established by 28 U.S.C. § 636." *Grimes v. City and County of San Franciso*, 951 F.2d 236, 240 (9th Cir. 1991). "The jurisdictional limitations placed upon United States magistrate judges, when addressing a motion for civil contempt, are informed by the provisions of 28 U.S.C. § 636(e)." *NXIVM Corp. v. Bouchey*, 2011 WL 5080322, *3 (N.D.N.Y. Oct. 24, 2011). "Under that section . . . a magistrate judge is not authorized to issue a final contempt order." (*Id.*) A magistrate judge shall certify the facts to a district judge and the district judge will determine if the act or conduct complained of warrants punishment. *See* 28 U.S.C. § 636(6)(B)(iii). In certifying the facts under Section 636(e), the magistrate judges's role is to determine whether the moving party can assert sufficient evidence to establish a prima facie case of contempt. *See Proctor v. State Gov't of N.C.*, 830 F2d. 514, 521 (4th Cir. 1987). If the magistrate judge does not to certify facts to the district court which may constitute contempt, the matter is considered disposed of and the district court may not proceed further. *In re Kitterman*, 696 F.Supp. 1366, 1370-71 (D.Nev. 1988); *see also Church v. Steller*, 35 F.Supp. 2d 215, 217 (N.D.N.Y. 1999).

"A court has wide latitude in determining whether there has been contemptuous defiance of its order." *Gifford v. Heckler*, 741 F.2d 263, 266 (9th Cir. 1984) (internal citations omitted). To hold a party or nonparty in civil contempt, "[t]he moving party has the burden of showing by clear and convincing evidence that the contemnor violated a specific and definite order of the court." *F.T.C. v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999).

Here, the Court's order was clear and unambiguous. On August 15, 2014, the Court specifically ordered Defendant Guth to turn over all responsive documents in Defendant Guth's possession, custody or control

and deliver them via "express mail" to Plaintiff's counsel. (Hearing Record, August 15, 2014, at 8:44-8:59). Defendant Guth stated that he did have some documents that may satisfy Plaintiff's counsel. (*Id.* at 4:36-4:38). Indeed, Plaintiff asserts that Defendant Guth did provide some documents but not the specific business and financial records Plaintiff believes are in Defendant Guth's possession. (ECF No. 21 at 1). However, other than generalizations regarding Defendant's failure to produce, Plaintiff has not presented sufficient evidence demonstrating the existence of other (unproduced) documents relevant to the subpoena or subsequent court order. The Court cannot certify facts recommending a finding of contempt absent such a showing.

Plaintiff also requests an order for a further judgment debtor exam of Defendant Guth. A review of the case shows Defendant Guth's last judgment debtor examination occurred in November 2013. (ECF No. 6). At the August 15, 2014, hearing, the Court denied without prejudice Plaintiff's motion for a further judgment debtor exam but indicated its willingness to reconsider Plaintiff's request upon further motion. (Hearing Record at 10:00-10:31). Based upon the current status of the case, the Court finds good cause to allow Plaintiff to further examine Defendant Guth.

**Conclusion**

Plaintiff has failed to present persuasive evidence that the documents she seeks from Defendant Guth exist. Accordingly, the Court has insufficient facts for certification and recommendation for a finding of contempt against Defendant Guth. Plaintiff's motion for contempt regarding failure to produce documents is DENIED.

Upon review of the case record, the Court finds good cause to GRANT Plaintiff's request for a further judgment debtor exam of

Defendant Guth. Plaintiff must properly file a request for a judgment debtor exam pursuant to Federal Rule of Civil Procedure 69(a)(1) and California Code of Civil Procedure § 708.110.

IT IS SO ORDERED.

DATED: December 23, 2014

Hon. Mitchell D. Dembin
U.S. Magistrate Judge